# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TORRI LYNN SPIEGELHALTER,

      Plaintiff,

      v.

AT&T SERVICES, INC.,

      Defendant.

Case No. 25-2392-JAR

## MEMORANDUM AND ORDER

Now before the Court is Defendant AT&T Services, Inc.'s Motion for Leave to File Under Seal (Doc. 51) several exhibits filed in support of its motion for summary judgment.[1] The response deadline has elapsed and no response has been filed.[2] Nonetheless, as explained more fully below, the Court denies Defendant's motion for leave to file under seal without prejudice.

"Courts have long recognized a common-law right of access to judicial records."[3] This right is based on the public's interest "in understanding disputes that are presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest."[4] This right of access, however, "is not absolute."[5] The Court may, in its discretion, "seal documents if the public's right of access is outweighed by competing interests."[6] "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs

---

[1] Doc. 55-1 through Doc. 55-13.

[2] *See* D. Kan. Rule 5.4.2(c) (requiring any response to a motion to seal or redact to be filed within 3 days after service of the motion).

[3] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[4] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[5] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann*, 477 F.3d at 1149).

[6] *Id.* (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

the presumption."[7]  The Court must be mindful that "where documents are used to determine

litigants' substantive legal rights, a strong presumption of access attaches."[8]

Thus, under D. Kan. Rule 5.4.2(c), a party moving to seal must provide: (1) "a

description of the specific portions of the document[s]" that the Proponent wants to seal or

redact, which is "narrowly tailored to the asserted confidentiality interest"; (2) the asserted

confidentiality interest and why it outweighs the right of public access; (3) "a clearly defined and

serious injury that would result in the absence of restricting public access"; and (4) "why no

lesser alternative is practicable or why restricting public access will adequately protect the

confidentiality interest in question."[9]

Defendant's motion fails to address these factors.  Instead, it relies on the fact that the

documents were designated as confidential under the Protective Order.  But the fact that a

document is designated confidential or highly confidential under a protective order is not a

sufficient basis, standing alone, to seal judicial records.[10]  Moreover, based on its review of the

provisionally-sealed documents, it is not at all clear to the Court that sealing each document in its

entirety is the least restrictive alternative to limiting public access to information that may

deserve protection.

---

[7] *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc*., 846 F.2d 249, 253 (4th Cir. 1988)).

[8] *Colony Ins. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (alteration omitted) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

[9] D. Kan. Rule 5.4.2(c)(1)–(4).  Subsection (c)(5) also requires the movant to state the extent to which the motion is opposed or unopposed.

[10] *See Lugosch*, 435 F.3d at 121 ("[D]ocuments used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982))); *Helm*, 656 F.3d at 1292 ("[T]he parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court.  Rather, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."); *Colony Ins.*, 698 F.3d at 1241–42 (quoting *Lugosch*, 435 F.3d at 121) (applying "heavy burden" to the moving party where documents are used to determine substantive rights).

Thus, because Defendant fails to make the requisite showing for sealing the documents identified in its motion, the Court denies the motion for leave to seal without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant AT&T Services, Inc.'s Motion for Leave to File Under Seal (Doc. 51) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: July 23, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE