**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TORRI LYNN SPIEGELHALTER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AT&T SERVICES, INC.,**<br><br>**Defendant.** | **Case No. 25-2392-JAR** |

**MEMORANDUM AND ORDER**

On July 10, 2026, Defendant AT&T Services, Inc. ("AT&T") filed a Motion for Summary Judgment,[1] and separately filed several of its exhibits in support provisionally under seal.[2] Also on July 10, Defendant moved for leave to seal all of the provisionally-sealed exhibits. The Court denied that motion without prejudice because it failed to address the requisite factors for sealing under D. Kan. Rule 5.4.2(c), and because it relied on the fact that the documents were designated as confidential under the Protective Order, an insufficient basis, standing alone, to seal the documents.[3] Now before the Court is Defendant's Renewed and Unopposed Motion for Leave to File Exhibits 20, 21, and 22 Under Seal (Doc. 60).[4] For the reasons explained below, the Court grants Defendant's motion.

[1] Doc. 52.

[2] Doc. 55.

[3] *See Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011).

[4] Docs. 55-11, 55-12, 55-13.

## I. Standard

"Courts have long recognized a common-law right of access to judicial records."[5] This right is based on the public's interest "in understanding disputes that are presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest."[6] This right of access, however, "is not absolute."[7] The Court may, in its discretion, "seal documents if the public's right of access is outweighed by competing interests."[8] "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[9] The Court must be mindful that "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[10]

Under D. Kan. Rule 5.4.2(c), a party moving to seal must provide: (1) "a description of the specific portions of the document" that the Proponent wants to seal or redact, which is "narrowly tailored to the asserted confidentiality interest"; (2) the asserted confidentiality interest and why it outweighs the presumption of public access; (3) "a clearly defined and serious injury that would result in the absence of restricting public access"; and (4) "why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question."[11]

---

[5] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[6] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[7] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann*, 477 F.3d at 1149).

[8] *Id.* (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

[9] *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

[10] *Colony Ins. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (alteration omitted) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

[11] D. Kan. Rule 5.4.2(c)(1)–(4).

## II. Discussion

### A. Documents to be Permanently Sealed

In this renewed motion, Defendant narrows its request to three exhibits. The Court finds that Defendant has made the requisite showing that the confidentiality interests in keeping these three exhibits under seal outweigh the presumption of public access, and that no lesser alternative to sealing each document in entirely is practicable to protect those confidentiality interests.

Exhibits 20 and 21 are performance evaluations of two non-party employees that Plaintiff has identified as comparators, and Defendant submits them on summary judgment to address that issue. These records include assessments by Defendant's supervisors of each employee's performance, competencies, work conduct, development, and employment-related strengths and weaknesses. The Court agrees that these non-party witnesses have a confidentiality interest in protecting these confidential records, and that this interest outweighs the right of public access. The Court further agrees with Defendant that redaction is not practicable, and that the documents should be sealed in their entirety.

Exhibit 22 is an AT&T internal hotline report addressing allegations involving non-party employees, the company's investigation of those allegations, witness and employee information, and the employment actions taken in response. The report is offered to rebut Plaintiff's comparator theory and evidence. Defendant maintains that this is not a publicly-available document. These documents include sensitive workplace allegations, the substance of an internal inquiry, and employment-related conclusions concerning individuals who are not litigants. Thus, the Court agrees that the individuals discussed in this document have a strong confidentiality interest in it remaining sealed that outweighs the public's right to access.

Furthermore, redaction is not practicable given that the vast majority of the document should remain confidential.

Thus, the Court finds that Defendant has met its burden of demonstrating that Exhibits 20, 21, and 22 should be permanently sealed.

**B. Documents to be Unsealed**

Other than the documents discussed above, no party has filed a motion to seal the remaining provisionally-sealed documents in Doc. 55, and the time to do so has expired.[12] Therefore, pursuant to D. Kan. Rule 5.4.2(d), the Clerk is directed to unseal Docs. 55, and 55-1 through 55-10 (Defendant's Exhibits 3, 5, 8–9, 12–13, 14A-14D, 15, and 18–19).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant AT&T Services, Inc.'s Renewed and Unopposed Motion for Leave to File Exhibits 20, 21, and 22 Under Seal (Doc. 60) is **granted**. The Clerk is directed to permanently seal Docs. 55-11, 55-12, 55-13. The Clerk is directed to unseal the provisionally sealed documents filed as Docs. 55, and 55-1 through 55-10.

**IT IS SO ORDERED.**

Dated: August 11, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

[12] *See* D. Kan. Rule 5.4.2(c) (providing a seven-day deadline after a document is filed provisionally under seal to file a motion to seal).