**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TORRI LYNN SPIEGELHALTER,**

**Plaintiff,**

**v.**

**AT&T SERVICES, INC.,**

**Defendant.**

**Case No. 25-2392-JAR**

**MEMORANDUM AND ORDER**

On August 21, 2026, Plaintiff Tori Lynn Spiegelhalter filed a Memorandum in Opposition to Defendant AT&T's Services, Inc.'s Motion for Summary Judgment and several exhibits in support, including Exhibits Q, T, S, and L.[1] On September 4, 2026, Defendant filed an Unopposed Motion to Permanently Seal Plaintiff's Exhibits Q, S, T, and L (Doc. 70). That motion is now before the Court. For the reasons explained below, the Court grants Defendant's motion.

## I. Standard

"Courts have long recognized a common-law right of access to judicial records."[2] This right is based on the public's interest "in understanding disputes that are presented to a public forum for resolution" and "in assuring that the courts are fairly run and judges are honest."[3] This right of access, however, "is not absolute."[4] The Court may, in its discretion, "seal documents if

[1] Docs. 62, 62-8, 62-11, 62-10, 62-4.

[2] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007).

[3] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

[4] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011) (quoting *Mann*, 477 F.3d at 1149).

the public's right of access is outweighed by competing interests."[5] "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[6] The Court must be mindful that "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[7]

Under D. Kan. Rule 5.4.2(c), a party moving to seal must provide: (1) "a description of the specific portions of the document" that the Proponent wants to seal or redact, which is "narrowly tailored to the asserted confidentiality interest"; (2) the asserted confidentiality interest and why it outweighs the presumption of public access; (3) "a clearly defined and serious injury that would result in the absence of restricting public access"; and (4) "why no lesser alternative is practicable or why restricting public access will adequately protect the confidentiality interest in question."[8]

## II. Discussion

### A. Documents to be Permanently Sealed

Defendant moves to permanently seal four of the thirteen provisionally sealed exhibits in Support of Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment. The Court finds that Defendant has made the requisite showing that the confidentiality interests in keeping these four exhibits under seal outweigh the presumption of public access, and that no lesser alternative to sealing each document in entirely is practicable to protect those confidentiality interests.

---

[5] *Id.* (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)).

[6] *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

[7] *Colony Ins. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (alteration omitted) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

[8] D. Kan. Rule 5.4.2(c)(1)–(4).

Plaintiff's Exhibits Q and T are abbreviated versions of Defendant's Exhibits 21[9] and 22,[10] respectively. Exhibit Q is the same performance evaluation of a non-party employee that Defendant presented to the Court as Exhibit 21; the only difference between the two is that Exhibit 21 includes the final page of that evaluation. Exhibit T is an AT&T internal hotline report addressing allegations involving non-party employees, the company's investigation of those allegations, witness and employee information, and the employment actions taken in response. It is identical to Exhibit 22 in every way, except that Exhibit 22 contains the last two pages of the seven-page report. Similarly, Plaintiff's Exhibit S is identical to Defendant's Exhibit 20.[11]

This Court has already found that Defendant has met its burden of demonstrating that its Exhibits 20, 21, and 22 should be permanently sealed.[12] Because Plaintiff's Exhibits S, Q, and T are either identical to or more complete versions of Defendant's exhibits, the Court grants Defendant's motion to permanently seal Exhibits S, Q, and T as well.

Plaintiff's Exhibit L is the transcript of AT&T, Inc.'s[13] July 26, 2023 Earnings Webcast. Plaintiff offers this transcript, which includes statements from the CEO of AT&T, Inc., as support for her assertion that "[a]ge was part of AT&T's broader workforce strategy."[14] This webcast, which was only accessible to internal employees, includes confidential business strategy information of a non-party.[15] The Court agrees that AT&T, Inc. has a confidentiality

---

[9] Doc. 55-12.

[10] Doc. 55-13.

[11] Doc. 55-11.

[12] Doc. 61.

[13] Plaintiff is a former employee of AT&T Services, Inc., not AT&T, Inc. AT&T, Inc. is not a party to this lawsuit.

[14] Doc. 62 at 7.

[15] Doc. 70.

interest in protecting these confidential records, and that this interest outweighs the right of public access. The Court further agrees with Defendant that redaction is not practicable, and that the documents should be sealed in their entirety.

Thus, the Court finds that Defendant has met its burden of demonstrating that Exhibit L should be permanently sealed.

**B. Documents to be Unsealed**

Other than the documents discussed above, no party has filed a motion to seal the remaining provisionally sealed documents in Doc. 62, and the time to do so has expired.[16] Therefore, pursuant to D. Kan. Rule 5.4.2(d), the Clerk is directed to unseal Docs. 62, 62-1 through 62-3, 62-5 through 62-7, 62-9, 62-12, and 62-13 (Plaintiff's Exhibits D, E, J, M, N, O, R, W, and X).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant AT&T Services, Inc.'s Unopposed Motion to Permanently Seal Exhibits Q, S, T, and L (Doc. 70) is **granted**. The Clerk is directed to permanently seal Docs. 62-4, 62-8, 62-10, and 62-11. The Clerk is directed to unseal the provisionally sealed documents filed as Docs. 62, 62-1 through 62-3, 62-5 through 62-7, 62-9, 62-12, and 62-13.

**IT IS SO ORDERED.**

Dated: September 11, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

[16] *See* Doc. 69 (extending deadline to file motion for leave to seal until September 4, 2026).